UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JOSEPH MORGAN, )
)
    Plaintiff, )
)
v. ) No. 3 06 0358
) Judge Trauger
DAVIDSON COUNTY SHERIFF'S )
OFFICE, ET AL., )
)
    Defendants. )

## MEMORANDUM

The plaintiff, proceeding *pro se* and *in forma pauperis*, is a prisoner in the Davidson County Criminal Justice Center ("the Criminal Justice Center") in Nashville, Tennessee. He brings this action under 42 U.S.C. § 1983 against the Davidson County Sheriff's Office and twenty-five other defendants.[1] The plaintiff seeks money damages, declaratory and injunctive relief alleging that the defendants violated his rights under the First, Fifth, Eighth, and Fourteenth Amendments.

The plaintiff alleges the following: 1) defendant Sergeant f/n/u Miller tried to give the plaintiff a cup of coffee with urine in it (Complaint, p. 9); 2) defendant Corporal f/n/u Reynolds tried to serve the plaintiff a sandwich with urine on it (Complaint, p. 10); 3) defendants Beth Gentry and T. Schwarz have taken unspecified action to prevent the plaintiff from being released from custody when he was supposed to have been released (Complaint, p. 11); 4) defendant Sergeants f/n/u Muelhauser and f/n/u McCleod, and defendant Corporals A. Roberts and V. Wilson, knowingly approved the move of an incompatible inmate named Phillips into the cell next to the plaintiff's (Complaint, p. 12); 5) defendants Lieutenant Donald Lawman, Sergeants Muelhauser and McCleod,

---

[1] The plaintiff actually identifies nineteen additional defendants in that part of the complaint in which he lists each defendant by name. (Complaint, pp. 5-7) However, in the statement of the facts, the plaintiff names six additional defendants: T. Schwarz, Sergeants Gary Rogers and f/n/u Crawley, Corporals J. McCrary and f/n/u Johnson, and A. Green. (Complaint, pp. 11, 15-16, 17) The court liberally construes the complaint to name these six additional individuals as defendants even though the plaintiff has not specifically identify them as such in that part of the complaint where he lists the defendants individually.

and Corporals Roberts and Wilson denied the plaintiff medical attention for a broken hand (Complaint, p. 13); 6) defendants Joyce Jordan, Chuck Willis and Debra Dixon have denied the plaintiff access to the law library (Complaint, p. 14); 7) the "mail lady," defendant "Jane Doe," and mailroom supervisor, A. Green, have interfered with the plaintiff's personal and legal mail (Complaint, p. 15); 8) defendant Corporal McCrary tried to serve him food with "a sharp piece of metal . . . in the potato salad" (Complaint, p. 16); 9) defendants Sergeant Crawley and Corporal Johnson took the plaintiff to court in full restraints (Complaint, p. 17). According to the plaintiff, the remaining defendants have engaged in "knowing, wonton, [and] reckless malfeasance" in allowing the alleged conduct of the other defendants to continue.

Under the Prison Litigation Reform Act (PLRA), a prisoner is required to exhaust all available administrative remedies before filing a § 1983 action in district court. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 733 (2001); *Brown v. Toombs*, 139 F.3d 1102, 1103-04 (6th Cir. 1998). The exhaustion requirement of § 1997e(a) is "mandatory" and "prisoners must exhaust [available] grievance procedures before filing suit in federal court even though the . . . remedy sought is not an available remedy in the administrative process." *Wyatt v. Leonard*, 193 F.3d 876, 877-78 (6th Cir. 1999).

Before the district court may adjudicate any claim set forth in a prisoner's complaint, it must determine that the plaintiff has complied with this exhaustion requirement. *Brown*, 139 F.3d at 1004. Not only is a prisoner-plaintiff required to exhaust as to each defendant, *Burton v. Jones*, 321 F.3d 569 (6th Cir. 2003); *Curry v. Scott*, 249 F.3d 493 (6th Cir. 2001); *Thomas v. Woolum*, 337 F.3d 720, 733 (6th Cir. 2003), he must show that he has exhausted every claim presented in his complaint, *see Bey v. Johnson and Trierweiler*, 407 F.3d 801, 806 (6th Cir. 2005)(adopting the total exhaustion rule); *see also Rinard v. Luoma*, 2006 WestLaw 590360 (6th Cir. (Mich.))(recommended for full-text

2

publication)(following the holding in *Bey v. Johnson* that established "total exhaustion" as the law in the Sixth Circuit). If a prisoner fails to show that he has exhausted his administrative remedies, his compliant is subject to *sua sponte* dismissal. *Brown*, 139 F.3d at 1004.

To establish that he has exhausted his administrative remedies, a prisoner-plaintiff must show that he presented his grievance(s) "through one complete round" of the established grievance process. *Thomas*, 337 F.3d at 733. A prisoner does not exhaust available administrative remedies when he files a grievance but "d[oes] not appeal the denial of that complaint to the highest possible administrative level." *Wright v. Morris*, 111 F.3d 414, 417 n. 3 (6th Cir. 1997), *cert. denied*, 522 U.S. 906 (1997); *see also Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999). Neither may a prisoner abandon the process before completion and then claim that he exhausted his remedies, or that it is now futile for him to do so. *See Hartsfield v. Vidor,* 199 F.3d 305, 309 (6th Cir.1999)(*citing Wright,* 111 F.3d at 417 n. 3).

The prisoner has the burden of demonstrating that he has exhausted his administrative remedies. *Brown*, 139 F.3d at 1004. To establish that he has exhausted his administrative remedies prior to filing suit, a prisoner should attach to his complaint a copy of any decision demonstrating the administrative disposition of his claims. *See Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Wyatt,* 193 F.2d at 878; *Brown*, 139 F.3d at 1104. However, where no documentation is provided, absent particularized averments regarding the nature of the administrative proceedings and their outcome, the action must be dismissed under § 1997(e). *Knuckles El*, 215 F.3d at 642.

The plaintiff has attached copies of responses to twenty grievances that he filed in connection with the claims raised in this action. A review of these copies establishes that the plaintiff filed a grievance with respect to each of his claims. However, only five of the copies indicate which of the defendants were addressed in the underlying grievances. (Complaint, Attach. Ex. C-D, H, R, T)

3

More particularly, these five copies reflect only nine of the twenty-five defendants. Therefore, the court cannot determine from the documentation provided whether the plaintiff filed a grievance as to all of the defendants. Neither can it be determined from the plaintiff's frequent assertion that he "filed a grievance" that he did so with respect to each defendant.

Assuming for the sake of argument that the plaintiff's assertion that he "filed a grievance" – contained in the body of each of his claims – should be liberally construed to mean that he filed a grievance as to each of the defendants identified in the context of his claims, the court still cannot determine from the record before it whether the plaintiff appealed the determinations made as to those grievances. Exhibit O establishes that there is a procedure at the Criminal Justice Center for inmates to appeal the results of their grievances. However, the plaintiff does not assert in, nor can it be liberally construed from, the statement of facts that he appealed each of his grievances or what the results were if he did. The only exception is his claim that the defendants knowingly moved an incompatible inmate into the cell next to his. (Complaint, Attach. Ex. O) The plaintiff's statement in the body of his complaint, *i.e.*, that he "[f]iled and appealed his grievance responses," falls well short of making a particularized averment regarding the nature and outcome of any appeal that he may have filed.

For reasons explained above, although the plaintiff has established that he filed a grievance as to each of his several claims, he has failed to establish that he exhaust his administrative remedies as to each of the defendants in this action or that he exhausted each of his grievances through one complete round of the grievance process. Because a "prisoner may not exhaust his administrative remedies during the pendency of the federal suit," *Freeman*, 196 F.3d at 645, and because a prisoner is "not entitled to amend his complaint . . . to plead exhaustion of administrative remedies" for the purpose of avoiding *sua sponte* dismissal, *Baxter v. Rose*, 305 F.3d 486, 490 (6th Cir. 2002)(relying

4

on *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997)), this action will be dismissed without prejudice for failure to exhaust.

An appropriate Order will be entered.

Aleta A. Trauger
United States District Judge